DUNCAN, Circuit Judge,
dissenting in part:
I write with regard and appreciation for the majority’s disposition of Wolfe’s murder-for-hire and firearm convictions. I *427 must, however, respectfully and narrowly dissent from its granting of habeas relief on the drug conspiracy conviction. The record, and, significantly, the majority does not directly refute it, contains ample evidence from sources other than Wolfe’s testimony to support the drug conviction. The district court’s Relief Order does not address the merits of the drug conspiracy issue at all, and the case on which it purports to rely is inapposite as to that charge. See Wolfe v. Clarke, No. l:05-cv00432 (E.D.Va. Aug. 30, 2011) (citing Monroe v. Angelone, 323 F.3d 286, 293 n. 5 (4th Cir .2003)).*
I fully recognize and appreciate the focus of the district court and the majority on the more serious charges. And, indeed, the Commonwealth did not, in its argument, greatly aid our analysis. The Commonwealth’s behavior here is far from exemplary. But the Newsome report cannot carry the weight the majority would assign to it. Because of the amount of evidence as to the drug conspiracy untainted by the Brady violation, I would at the very least remand that conviction to the district court for its specific consideration.

 In Monroe, we granted habeas relief to a petitioner charged, as Wolfe is here, with murder and the use of a firearm in the commission of a felony because we agreed with the district court’s determination that the Commonwealth of Virginia had committed Brady violations. Unlike in Monroe, however, Wolfe is also charged with a drug conspiracy, and nothing in Monroe suggests habeas relief is also appropriate for a freestanding charge supported by considerable evidence free of tiny Constitutional infirmity.